UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Margaret Winter,                                     Case No.:  24-cv-3500

      Plaintiff,

vs.                                                             COMPLAINT AND DEMAND
                                                                 FOR JURY TRIAL

Delta Airlines, Inc.,

        Defendant.

_____

The above captioned Plaintiff, for her causes of action against the above-named Defendant, states and alleges as follows:

**PARTIES**

1.     The plaintiff is a resident and citizen of the State of Minnesota.

2.     Defendant Delta Air Lines, Inc. (hereinafter "Delta") is a Corporation, organized and existing under the laws of the State of Delaware with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354-1989 and with a registered agent for service in Minnesota of Corporate Services Company, 2345 Rice Street, Suite 230, Roseville, MN 55113.

3.     Defendant Delta is, and was at all times herein material, a passenger airline operating flights to and from Minnesota as well as being involved in the

advertising and selling of air travel tickets to Minnesota to consumers directly and through various travel agencies and websites.

4.     The air travel ticket giving rise to this action was purchased by Plaintiff online in Minneapolis, Minnesota, as the result of said advertising and solicitation.

5.     The flight giving rise to this action was a flight from Denver, Colorado, to Minneapolis, Minnesota.

6.     Defendant Delta is responsible for the actions of its employees and agents alleged herein on the theory of Respondeat Superior.

## JURISDICTION AND VENUE

8.     Jurisdiction is founded upon 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds seventy-five thousand ($75,000) Dollars, exclusive of costs and interest.

9.     Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue in this District is appropriate because the Defendant is subject to personal jurisdiction in this district and maintain contacts in this district sufficient to subject it to personal jurisdiction, and because a substantial part of the events complained of arose directly out of the sale of the subject air travel tickets in Minneapolis, Minnesota.

## GENERAL ALLEGATIONS

10.     On or about October 19, 2023, Plaintiff was being transported in a wheelchair down a jetway at Denver International Airport to board a Delta flight to Minneapolis. Her wheelchair had been pushed to the gate by an attendant who was, on information and belief, was an employee of Prospect Airport Services, Inc.

11.     At the gate, the Delta gate agent insisted that he push the wheelchair down the jetway and took control of it from the Prospect attendant. As the Delta gate agent pushed the wheelchair toward the door of the aircraft, it became apparent that the wheelchair would not fit into the doorway. Plaintiff was then transferred from the wheelchair to a smaller chair that had smaller wheels.

12.     As the smaller chair was pushed toward the door, Plaintiff told the Delta gate agent who was pushing her that the gap between the jetway and the aircraft was too wide for the wheels of the small chair.  The Prospect attendant, who had accompanied them down the jetway, observed the gap and told the Delta gate agent that Plaintiff was correct, and the chair could not be safely pushed across the gap. The Prospect attendant recommended that the Delta gate agent turn the chair around and try to back it into the aircraft.

13.     The Delta gate agent ignored the concerns of the Plaintiff and the Prospect attendant and ignored the advice of the Prospect attendant. He told the Plaintiff and the Prospect attendant that he could push the small chair over the

gap. He then pushed the small chair forward at a greater rate of speed to try to negotiate the gap. The chair struck in the gap falling forward and throwing Plaintiff to the floor of the jetway and airplane.

14.    Plaintiff, who was strapped into the small chair, smashed her knees and face into the floor. The Delta gate attendant then ran up the jetway to get help stating that he had "dumped" the plaintiff.

15.    The conditions necessitating Plaintiff to be in the wheelchair prevented her from getting up off the jetway floor. She remained on the floor—strapped into the chair and straddling over the gap between the jetway and airplane—and suffering from great pain and embarrassment--for over 40 minutes until rescue personnel could get her lifted and placed back into the wheelchair.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

16.    Plaintiff repeats and alleges all preceding paragraphs as if fully set forth herein.

17.    Defendant Delta owed Plaintiff a duty of reasonable care to transport her into the aircraft in a reasonably safe manner. Defendant also owed Plaintiff a duty of reasonable care to inspect and maintain the subject jetway and aircraft and the area where they abutted each other to ensure that the area was reasonably safe to be traversed by persons boarding the aircraft and by persons being boarded

4

through use of a wheelchair, including Plaintiff, and to reasonably ensure that Plaintiff was not exposed to unreasonable risks of harm.

18.     Defendant Delta breached these duties of reasonable care in the following ways (by example and not limitation):

      a.     allowing a gap that could not be safely traversed by a wheeled chair to exit between the jetway and the aircraft;

      b.     negligently attempting to bridge that gap with a wheeled chair when it was obviously that the gap was too large;

      c.     pushing the wheeled chair at an unreasonable rate of speed to try to "jump" the gap;

      d.     not heeding the advice of the Prospect attendant who warned that the gap was too large to be safely traversed by the wheelchair and who suggested backing Plaintiff into the aircraft; and

      e.     Delta was in other ways negligent in ways currently unknown to Plaintiff.

19.     Additionally, Defendant Delta, on information and belief, breached its duty of reasonable care by negligently training and/or supervising the subject gate agent in the safe boarding of passengers using a wheelchair and by negligently hiring and retaining the subject gate agent.

20.     As a direct and proximate result of the Defendant's acts, omissions, and negligence, as set forth herein and otherwise, Plaintiff was thrown to the floor by the Delta gate agent as he attempted to enter the aircraft from the jetway over the gap that had been created and maintained by Defendant.

21.     As a further direct and proximate result of the Defendant's acts, omissions, and negligence, as set forth herein and otherwise, Plaintiff has suffered, and will continue to suffer, past and future pain, suffering, disfigurement, permanent injury, medical expenses, loss of enjoyment of life, embarrassment, anguish, humiliation, and emotional distress, in an amount greater than Seventy-Five Thousand Dollars ($75,000.00)

## SECOND CAUSE OF ACTION
### (PREMISES LIABILITY)

22.     Plaintiff repeats and alleges all preceding paragraphs as if fully set forth herein.

23.     At all times hereinafter mentioned, Defendant Delta so negligently, carelessly and without due regard or concern for the life and safety of the Plaintiff, did so own, maintain, lease, operate, control, repair, supervise or occupy the subject jetway and aircraft in such a manner so as to create, cause, allow, contribute to or assist in the creation of a dangerous and defective condition of the premises, which existed upon such premises in sufficient time for the Defendant to have actual and/or constructive notice of such condition, and for the Defendant to

correct or warn Plaintiff of the existence of such condition, which the Defendant negligently and carelessly failed and neglected to do.

24.     Such conditions included allowing a gap that could not be safely traversed by a chair to exist between the jetway and the aircraft.

25.     As a direct and proximate result of the defective and dangerous condition and the negligence of the Defendant, Plaintiff was thrown to the floor by the Delta gate agent as he attempted to enter the aircraft from the jetway over the gap that had been created and maintained by Defendant.

26.     As a further direct and proximate result of the Defendant's acts, omissions, and negligence and failure to maintain the jetway and the aircraft and the area where they abutted each other in a reasonably safe manner, as set forth herein and otherwise, Plaintiff has suffered, and will continue to suffer, past and future pain, suffering, disfigurement, permanent injury, medical expenses, loss of enjoyment of life, embarrassment, anguish, humiliation, and emotional distress, in an amount greater than Seventy-Five Thousand Dollars ($75,000.00)

### THIRD CAUSE OF ACTION
### (COMMON CARRIER)

27.     Plaintiff repeats and alleges all preceding paragraphs as if fully set forth herein.

28.     Defendant Delta is a Common Carrier and as such has a duty to carry passengers safely and use the highest care and vigilance of a very cautious person.

It must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers.

29.     Defendant Delta breached this standard of care in the following ways (by example and not limitation):

      a.     allowing a gap that could not be safely traversed by a wheeled chair to exit between the jetway and the aircraft;

      b.     negligently attempting to bridge that gap with a wheeled chair when it was obviously that the gap was too large;

      c.     pushing the wheeled chair at an unreasonable rate of speed to try to "jump" the gap;

      d.     not heeding the advice of the Prospect attendant that warned that the gap was too large to be safely traversed by the wheelchair and suggested backing Plaintiff into the aircraft; and

      e.     Delta was in other ways breached this standard of care in ways currently unknown to Plaintiff.

30.     Additionally, the Defendant, on information and belief, breached this standard of care by negligently training and/or supervising its gate agent in the safe boarding of passengers using a wheelchair and negligently hiring and retaining the subject gate agent.

31.     As a direct and proximate result of Defendant's breach of this standard of care, Plaintiff was thrown to the floor by the Delta gate agent as he attempted to enter the aircraft from the jetway over the gap that had been created and maintained by Defendant.

32.     As a further direct and proximate result of the Defendant's breach of this standard of care, Plaintiff has suffered, and will continue to suffer, past and future pain, suffering, disfigurement, permanent injury, medical expenses, loss of enjoyment of life, embarrassment, anguish, humiliation, and emotional distress, in an amount greater than Seventy-Five Thousand Dollars ($75,000.00)

**PRAYER FOR RELIEF**

Plaintiff prays that judgment in an amount of not less than Seventy-Five Thousand Dollars ($75,000.00) be entered against Defendant, as follows:

a.      on all causes of action of this Complaint for all injuries and losses sustained;

b.      the costs and reasonable attorney's fees of this action;

c.      pre-judgment and post-judgment interest; and

d.      other such relief as the Court finds just.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all causes so triable.

Date: September 2, 2024                    **BENNEROTTE & ASSOCIATES, PA**


                                            _  s/ _Vincent J. Moccio_____
                                            Vincent J. Moccio, Esq. (MN # 0184640)


                                            3085 Justice Way, Suite 200
                                            Eagan, MN 55121
                                            Ph: 651-842-9257
                                            Fax: 651-288-0680
                                            Email: vincent@bennerotte.com

10